IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN JACKSON,

                      Petitioner,                    OPINION AND ORDER

    v.

                                                    18-cv-862-wmc

MATTHEW MARSKE,

                      Respondent.

---

      Petitioner Kevin Jackson, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), seeks post-conviction relief under 28 U.S.C. § 2241. In particular, he is seeking an order directing the Bureau of Prisons ("BOP") to credit him for time served at a federal correctional facility after being mandated from state custody, which both the parties and the federal judge appear to have assured would occur under BOP rules, when the opposite is true. His petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, the court must dismiss the petition if it plainly appears that petitioner is not entitled to relief. Otherwise, the court must order respondent to file an answer. Since petitioner appears to have not just a colorable, but a meritorious, claim that credit intended to be included by the sentencing court, which may result in his imminent, if not immediate release, and it appears that the government agrees with petitioner, the court is strongly inclined to grant the petition on an expedited basis absent a *prompt* objection by the government.

1

BACKGROUND

On August 18, 2014, petitioner Kevin Jackson was arrested by federal law enforcement officials on charges filed in a superseding indictment in the Northern District of Illinois. *United States v. Jackson*, Case No. 14-cr-384, dkt. #1 (N.D. Ill. Aug. 19, 2014). Specifically, that indictment charged Jackson with one count of conspiring to deal firearms without a license in violation of 18 U.S.C. § 371, 922(a)(1)(A), 922(j), and one count of conspiring to possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. Relevant here, for roughly seven to eight months before Jackson was held in a federal facility, he had been held in state prison in Ohio on charges related to the same events giving rise to the federal charges.

On September 9, 2014, Jackson was arraigned in federal court and remanded to federal custody at the Metropolitan Correctional Center in Chicago, Illinois ("MCC"). Obviously, Jackson then remained in federal custody after completion of his state sentence. On September 6, 2017, Jackson ultimately pled guilty to both counts charged in his federal superseding indictment. The parties' plea agreement included a provision that Jackson's sentence should take into account *both* the time served in state custody *and* the time that Jackson "served in federal custody" after August 9, 2014:

> The government agrees that the defendant should receive credit for time served in state custody related to convictions that form part of the instant offense. . . . The government agrees that the defendant should also receive time served in federal custody since on or about August 9, 2014.

2

*Jackson*, Case No. 14-cr-384, dkt. #286, ¶ 12.

More importantly, on February 21, 2018, Judge Ronald Guzman sentenced Jackson to a total term of 55 months' imprisonment, which accounted for the seven to eight months that he had already served in Ohio prison on state charges before August 9, 2014, but also assured (erroneously as it turns out) that Jackson would be credited by BOP for the additional seven to eight months between August 9, 2014, to March of 2015, when his state sentence ended while being held in a federal facility on a writ. Here is the relevant exchange between the counsel and the court:

> Mr. Sanan: Judge, one thing that the parties did agree to in the plea agreement is there's that 7 ½ months while he was in Marion. The BOP won't give him credit for that because that sentence is discharged. So whatever sentence you do give him, it needs to reflect the subtraction of those 7 or 7 ½ months.
>
> The Court: Does the government agree with that?
>
> Mr. Storino: Absolutely. Your Honor. That's in the plea agreement and I should've said it. But we absolutely agree that he should get credit for the time --
>
> The Court: Well, the appropriate way to give him credit is to take it off his sentence here because there's no guarantee that the Bureau of Prisons would do; is that correct?
>
> Mr. Storino: I think that's the safest way to do it. He deserves credit. It was part of the offense. And so we would ask the Court to specifically put it in the J&C.

(Ex. C (dkt. #1-1) at 40-41.)

When Judge Guzman announced Jackson's sentence, he went on to state specifically that:

3

> This sentence, as I indicated, takes into account already the time that you have spent incarcerated in Ohio for the cases in Marion County. Of course, time served in federal custody is something that the Bureau of Prisons will routinely give you credit for.

(*Id.* at 47.) Although he seemed to assume it, Judge Guzman did not explicitly state at the time of sentencing that the seven to eight month period Jackson spent at MCC, a federal facility, while serving the remainder of his Ohio state sentence (August of 2014 until March of 2015) should also count towards Jackson's federal sentence. A Judgment and Commitment ("J&C") imposing the 55-month sentence was entered that day.[1]

On April 11, 2018, Jackson, through counsel, filed an unopposed motion to amend the judgment and commitment, requesting a seven-month credit for the period of time that Jackson served at MCC between August of 2014 and March of 2015. While reporting that the government agreed this time should be credited toward his federal sentence because "that time was part and parcel of the offenses charged" in the superseding indictment, just as the judge explicitly credited previous time serving in Ohio state prison, counsel explained the BOP would not credit Jackson for that period of time because he was still serving his state court sentence. *Jackson*, Case No. 14-cr-384, dkt. #322, at 2.

Judge Guzman denied that motion on April 12, 2018, explaining as follows:

> It is the Bureau of Prisons, and not the Court, that determines sentence credit. *United States v. Wilson*, 503 U.S. 329, 334 (1992). And with a few strictly-limited exceptions, the Court is without authority to amend or correct a sentence once imposed. 18 U.S.C. § 3582(c). Defendant

---

[1] On March 20, 2017, Judge Guzman entered an Amended J&C that included a forfeiture agreement that had been contemplated by the plea agreement; no change was made to the length of Jackson's sentence.

4

> contends that clerical mistakes in a judgment may be corrected under Federal Rule of Criminal Procedure 36, but there is no "clerical" mistake here (which occurs when there is an inconsistency between the Court's oral sentence and the written judgment and commitment order), and Rule 36 does not permit substantive changes. *See United States v. Becker*, 36 F.3d 708, 709-11 (7th Cir. 1994). Requests for sentence credit must first be exhausted with the Bureau of Prisons, and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241. *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

*Jackson*, Case No. 14-cr-384, dkt. #324.

On July 17, 2018, the government also contacted the BOP directly and requested that Jackson receive credit for his time served in federal custody. (Ex. D (dkt. #1-1, at 65-66).) However, the BOP again declined to grant Jackson the credit, reiterating that even though Jackson was housed at a BOP facility during that time period, it was pursuant to a writ, and Jackson had actually been serving his state sentence during that time. (*Id.*) The BOP added that if Jackson wanted relief, he would need to exhaust his administrative remedies within the BOP and then pursue habeas relief in the district in which he is incarcerated. (*Id.*) Consistent with Judge Guzman's direction, Jackson filed this § 2241 petition.

OPINION

Petitioner Jackson credibly contends that: (1) the BOP has improperly denied him sentence credit for the seven month period of time he spent at MCC, from August 2014 to March of 2015; and (2) as a result, he should have been released from federal custody in July of 2018. A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the

proper vehicle for challenges to the administration or computation of a sentence. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). As Judge Guzman explained, however, a district court has no authority to order the BOP to give petitioner the sentence credit; the authority rests exclusively with the BOP. *United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351 (1992); *United States v. McGee*, 60 F.3d 1266, 1271 (7th Cir. 1995). Furthermore, the BOP lacks the authority to give credit for presentence custody when that credit has been applied against another sentence. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence"); *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996). Finally, the BOP's response is correct: the time spent in federal custody under a writ of habeas corpus ad prosequendum is not creditable toward the federal sentence. *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992). While this authority would appear fatal to petitioner's claim, the court is not convinced that relief is unavailable under these circumstances.

To start, the record of petitioner's plea and sentencing suggests that Judge Guzman erred in believing that the BOP could grant petitioner sentence credit for the time he was serving his state sentence in federal custody. Unfortunately for petitioner, it appears that Judge Guzman was correct in concluding that he lacked the authority in April of 2018 to modify petitioner's sentence in the subsequent motion under Fed. R. Crim. P. 36,

6

regardless of what his intent may have been when he announced the sentence. Yet the court also appears to have intended to honor the terms of the plea agreement and account for the period of time between August of 2014 and March of 2015, especially since the government requested such consideration: (1) in the plea agreement, (2) during the sentencing hearing and (3) in subsequent communications to the BOP. Moreover, there would appear to be *no* reason for Judge Guzman to have credited the first eight months Jackson served on his state sentence in an Ohio prison, but deny him credit for the next seven months served in a federal correctional facility.

Assuming that petitioner has a colorable claim for relief, therefore, the question becomes whether § 2241 is the proper avenue to seek it. On one hand, it appears this error at sentencing should have been corrected in the Northern District of Illinois, either in February 2018, by petitioner's counsel objecting to Judge Guzman's assumption that the BOP would have credited the seven months, or, in April of 2018, by appealing Judge Guzman's denial of the motion to amend the J&C. In the absence of those alternatives, it appears that petitioner could also have sought postconviction relief pursuant to 28 U.S.C. § 2255 in that same court on the ground that his counsel was ineffective in failing to object to that error in a timely fashion.

On the other hand, petitioner is requesting sentencing credit, which falls under the purview of § 2241, not § 2255. *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) ("Requests for sentence credit, or for recalculation of time yet to serve, do not come under § 2255."). Moreover, the government, Judge Guzman and the BOP's apparent

agreement that petitioner *must* seek relief under § 2241 makes plain that this is the most expeditious means to place the issue before the right court, which is no small consideration since it appears that the defendant may now be serving a longer federal sentence than originally intended. Before doing so, however, the court will give the local United States Attorney and United States Attorney General a short window to express any objection to proceed on this basis. Barring the submission of a formal objection by 3:00 p.m. on Friday, December 7, 2018, however, the court will grant the petition and provide that if petitioner is not resentenced in the Northern District of Illinois within 90 days, he shall be released.

ORDER

IT IS ORDERED that:

1. Petitioner Kevin Jackson's motion for expedited review (dkt. #2) is GRANTED.

2. The clerk of court is DIRECTED to send the petition and motion (dkt. ##1, 2) to respondent Matthew Marske, care of the local United States attorney, and to the United States Attorney General via certified mail in accordance with Federal Rule of Civil Procedure 4(i), along with a copy of this order.

Entered this 30th day of November, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge